KASSRA P. NASSIRI (215405)
(knassiri@nassiri-jung.com)
CHARLES H. JUNG (217909)
(cjung@nassiri-jung.com)
NASSIRI & JUNG LLP
47 Kearny Street, Suite 700
San Francisco, California 94108
Telephone: (415) 762-3100
Facsimile: (415) 534-3200

ATTORNEYS FOR DEFENDANT YOUNG HO WON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Innovative Bank,<br><br>Plaintiff,<br><br>v.<br><br>SEONG HOON HONG, DAVID CHIU, JIN YOUNG KIM (AKA JIMMY KIM), JUNG MIN MOK, YOUNG HO WON, SANGCHOL AN, CHANG K. CHANG, SUNG SANG CHO, HARRY MOOK CHOI, YONG OH CHOI, TONY HUEY, CHONG KIM, JUNG KIM, BHUPENDRA PATEL,<br><br>Defendants. | Case No. 4:12-cv-02658-CW<br><br>**DEFENDANT YOUNG HO WON'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Defendant Young Ho Won ("Won"), by and through his attorneys of record herein, Nassiri & Jung LLP, hereby responds to Plaintiff Federal Deposit Insurance Corporation's ("FDIC") Complaint. Except as expressly admitted herein, Mr. Won denies any and all material allegations in the Complaint.

## RESPONSES TO ALLEGATIONS IN COMPLAINT

1. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1, and on that basis denies those allegations.

2. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, and on that basis denies those allegations.

3. Mr. Won denies the allegations in paragraph 3 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the other defendants, and on that basis denies those allegations.

4. Mr. Won denies the allegations in paragraph 4 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the other defendants, and on that basis denies those allegations.

5. Mr. Won denies the allegations in paragraph 5 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the other defendants, and on that basis denies those allegations.

6. Mr. Won denies the allegations in paragraph 6 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the other defendants, and on that basis denies those allegations.

7. Mr. Won admits that Innovative was a state chartered non-member bank insured by the FDIC, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in paragraph 7, and on that basis denies those allegations.

8. Mr. Won admits the allegations in paragraph 8.

9. Mr. Won admits the allegations in paragraph 9.

10. Mr. Won admits the allegations in paragraph 10.

11. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11, and on that basis denies those allegations.

12. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12, and on that basis denies those allegations.

13. Mr. Won denies the allegations in paragraph 13 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations and as to the other defendants, and on that basis denies those allegations.

14. Mr. Won denies the allegations in paragraph 14 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations and as to the other defendants, and on that basis denies those allegations.

15. Mr. Won admits the allegations in paragraph 15.

16. Mr. Won admits the allegations in paragraph 16.

17. Mr. Won admits the allegations in paragraph 17, with the exception of the allegations in the last sentence of the paragraph, for which Mr. Won lacks knowledge or information sufficient to form a belief about and on that basis denies.

18. Mr. Won admits the allegations in paragraph 18.

19. Mr. Won admits the allegations in paragraph 19.

20. Mr. Won admits the allegations in paragraph 20 with the exception of the last sentence, which is denied to the extent it implies that Mr. Won served on the MLC during the entire period the Commercial Target Loans were approved and to the extent it implies that Mr. Won approved all eleven Commercial Target Loans as alleged in the Complaint.

21. Mr. Won admits that defendant Jimmy Kim served as Senior Vice President of the Bank's SBA program from 2006 to 2009, and lacks knowledge or information

sufficient to form a belief about the truth of the rest of the allegations in paragraph 21, and on that basis denies those allegations.

22. Mr. Won admits the allegations in paragraph 22 concerning events prior to May 6, 2009, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in paragraph 22, and on that basis denies those allegations..

23. Mr. Won admits the allegations in paragraph 23 concerning events prior to May 6, 2009, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in paragraph 23, and on that basis denies those allegations.

24. Mr. Won admits the allegations in paragraph 24 concerning events prior to May 6, 2009, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in paragraph 24, and on that basis denies those allegations.

25. Mr. Won admits the allegations in paragraph 25 concerning events prior to May 6, 2009, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in paragraph 25, and on that basis denies those allegations.

26. Mr. Won admits the allegations in paragraph 26 concerning events prior to May 6, 2009, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in paragraph 26, and on that basis denies those allegations.

27. Mr. Won admits the allegations in paragraph 27 concerning events prior to May 6, 2009, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in paragraph 27, and on that basis denies those allegations.

28. Mr. Won admits the allegations in paragraph 28 concerning events prior to May 6, 2009, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in paragraph 28, and on that basis denies those allegations.

29. Mr. Won admits the allegations in paragraph 29 concerning events prior to May 6, 2009, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in paragraph 29, and on that basis denies those allegations.

30. Mr. Won admits the allegations in paragraph 30 concerning events prior to May 6, 2009, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in paragraph 30, and on that basis denies those allegations.

31. Mr. Won admits the allegations in paragraph 31.

32. Mr. Won denies the allegations in paragraph 32 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations and as to the other defendants, and on that basis denies those allegations.

33. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, and on that basis denies those allegations.

34. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, and on that basis denies those allegations.

35. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, and on that basis denies those allegations.

36. Mr. Won admits the allegations in paragraph 36.

37. Mr. Won admits the allegations in paragraph 37 to the extent they are directed at him or the Bank, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

38. Mr. Won admits the allegations in paragraph 38 to the extent they are directed at him or the Bank, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

39. Mr. Won admits the allegations in paragraph 39.

40. Mr. Won admits the allegations in paragraph 40.

41. Mr. Won denies the allegations in paragraph 41 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

42. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, and on that basis denies those allegations.

43. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43, and on that basis denies those allegations.

44. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, and on that basis denies those allegations.

45. Mr. Won admits the allegations in paragraph 45.

46. Mr. Won admits the allegations in paragraph 46.

47. Mr. Won denies the allegations in paragraph 47 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

48. Mr. Won admits the allegations in paragraph 48.

49. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49, and on that basis denies those allegations.

50. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50, and on that basis denies those allegations.

51. Mr. Won admits the allegations in paragraph 51.

52. Mr. Won admits the allegations in paragraph 52.

53. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53, and on that basis denies those allegations.

54. Mr. Won admits the allegations in paragraph 54, except that he served on the MLC from 2005 through February 2008, and not from 2006 through 2008 as alleged.

55. Mr. Won admits that the MLC approved the eleven Commercial Target Loans, denies the allegations in paragraph 55 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

56. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56, and on that basis denies those allegations.

57. Mr. Won denies the allegations in paragraph 57 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

58. Mr. Won denies the allegations in paragraph 58 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

59. Mr. Won denies the allegations in paragraph 59 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

60. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60, and on that basis denies those allegations.

61. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61, and on that basis denies those allegations.

62. Mr. Won admits that he voted to approve the loan to Sky Hopper, denies the rest of the allegations in paragraph 62 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

63. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63, and on that basis denies those allegations.

64. Mr. Won admits that he voted to approve the loan to Serving Community Church, denies the rest of the allegations in paragraph 64 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

65. Mr. Won admits that he voted to approve the loan and temporary reconveyance to Dong Kook Jun, denies the rest of the allegations in paragraph 65 to the

extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

66. Mr. Won admits that he voted to approve the loan to Felix Kim, denies the rest of the allegations in paragraph 66 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

67. Mr. Won admits that he voted to approve the loan to Silverstar Family, Inc., denies the rest of the allegations in paragraph 67 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

68. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68, and on that basis denies those allegations.

69. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69, and on that basis denies those allegations.

70. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70, and on that basis denies those allegations.

71. Mr. Won admits that he voted to approve the loan to Vineyard Technologies, Inc., denies the rest of the allegations in paragraph 71 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

72. Mr. Won admits that he voted to approve the loan to Crystal Candy, Inc., denies the rest of the allegations in paragraph 72 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

73. Mr. Won denies the allegations in paragraph 73 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

74. Mr. Won denies the allegations in paragraph 74 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

75. Mr. Won admits the allegations in paragraph 75.

76. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76, and on that basis denies those allegations.

77. Mr. Won admits the allegations in paragraph 77 except the allegation that the regulatory warnings were about management's poor supervision of the SBA program, which Mr. Won denies.

78. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78, and on that basis denies those allegations.

79. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79, and on that basis denies those allegations.

80. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80, and on that basis denies those allegations.

81. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81, and on that basis denies those allegations.

82. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82, and on that basis denies those allegations.

83. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83, and on that basis denies those allegations.

84. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84, and on that basis denies those allegations.

85. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85, and on that basis denies those allegations.

86. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86, and on that basis denies those allegations.

| | |
|---|---|
| 1 | 87. Mr. Won lacks knowledge or information sufficient to form a belief about the |
| 2 | truth of the allegations in paragraph 87, and on that basis denies those allegations. |
| 3 | 88. Mr. Won lacks knowledge or information sufficient to form a belief about the |
| 4 | truth of the allegations in paragraph 88, and on that basis denies those allegations. |

87. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87, and on that basis denies those allegations.

88. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88, and on that basis denies those allegations.

89. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89, and on that basis denies those allegations.

90. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90, and on that basis denies those allegations.

91. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91, and on that basis denies those allegations.

92. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92, and on that basis denies those allegations.

93. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93, and on that basis denies those allegations.

94. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94, and on that basis denies those allegations.

95. Mr. Won incorporates by reference his response to paragraphs 1-94 of the Complaint.

96. Mr. Won admits the allegations in paragraph 96.

97. Mr. Won admits that he owed fiduciary duties of care and loyalty to Innovative, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in paragraph 97, and on that basis denies those allegations.

98. Mr. Won denies the allegations in paragraph 98 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

99. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99, and on that basis denies those allegations.

100. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100, and on that basis denies those allegations.

101. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101, and on that basis denies those allegations.

102. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102, and on that basis denies those allegations.

103. Mr. Won denies the allegations in paragraph 103 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

104. Mr. Won incorporates by reference his response to paragraphs 1-104 of the Complaint.

105. Mr. Won denies the allegations in paragraph 105.

106. Mr. Won admits the allegations in paragraph 106.

107. Mr. Won admits the allegations in paragraph 107.

108. Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108, and on that basis denies those allegations.

109. Mr. Won denies the allegations in paragraph 109 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

110. Mr. Won denies the allegations in paragraph 110 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

111. Mr. Won incorporates by reference his response to paragraphs 1-111 of the Complaint.

112. Mr. Won is not named as a defendant to this Claim and accordingly no response is required. To the extent the allegations require a response, Mr. Won admits the allegations in paragraph 112.

1       113.    Mr. Won is not named as a defendant to this Claim and accordingly no response is required. To the extent the allegations require a response, Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113, and on that basis denies those allegations.

      114.    Mr. Won is not named as a defendant to this Claim and accordingly no response is required. To the extent the allegations require a response, Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114, and on that basis denies those allegations.

      115.    Mr. Won is not named as a defendant to this Claim and accordingly no response is required. To the extent the allegations require a response, Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115, and on that basis denies those allegations.

      116.    Mr. Won incorporates by reference his response to paragraphs 1-116 of the Complaint.

      117.    Mr. Won admits that defendants Chong Kim and Jimmy Kim and the Officer Defendants owed fiduciary duties of care to Innovative, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in paragraph 117, and on that basis denies those allegations.

      118.    Mr. Won denies the allegations in paragraph 118 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

      119.    Mr. Won denies the allegations in paragraph 119 to the extent they are directed at him, and lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations, and on that basis denies those allegations.

      120.    Mr. Won incorporates by reference his response to paragraphs 1-120 of the Complaint.

121.     Mr. Won is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121, and on that basis denies those allegations.

122.     Mr. Won is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122, and on that basis denies those allegations.

123.     Mr. Won is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123, and on that basis denies those allegations.

124.     Mr. Won is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124, and on that basis denies those allegations.

125.     Mr. Won is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 125, and on that basis denies those allegations.

126.     Mr. Won is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126, and on that basis denies those allegations.

127.     Mr. Won is not named as a defendant to this Claim and accordingly no response is required.  To the extent the allegations require a response, Mr. Won lacks

knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127, and on that basis denies those allegations.

128. Mr. Won is not named as a defendant to this Claim and accordingly no response is required. To the extent the allegations require a response, Mr. Won lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 128, and on that basis denies those allegations.

## **AFFIRMATIVE DEFENSES**

Mr. Won alleges the following affirmative defenses to the Complaint. By designating the following as affirmative defenses, Mr. Won does not admit any of the allegations in the Complaint, or waive or limit any defenses which are or may be raised by his denials, allegations, and averments set forth herein.

### **FIRST AFFIRMATIVE DEFENSE**
### **(Injury by Fellow Servant)**

129. Plaintiff's injuries were caused by the negligence and/or fraud of one or more fellow employees of the Bank. Despite Mr. Won's opposition, certain directors and officers caused the Bank to lay off five key personnel in the lending group in 2008. This resulted in substantial disruptions to the Bank's workout and collection functions in the field. In 2009, more key Bank personnel were either terminated or compelled to resign as a result of the actions of certain directors and officers. This resulted in further damage to the Bank's Credit/Lending Group. Overall, 32 of the Bank's 87 employees were terminated, laid off, or forced to resign between 2008 and 2009. This irreparably harmed the Bank's workout and collection efforts during a particularly difficult financial crisis, and was the primary cause for the degradation of the Bank's assets as alleged in the Complaint. Plaintiff's awareness of this is evidenced by, among other things, numerous visitation and examination reports it prepared during the relevant time period.

130. Defendant Sung Sang Cho blocked Mr. Won's efforts to have Jimmy Kim terminated. Mr. Cho acted out of self-interest, since Mr. Kim's actions resulted in greater

financial compensation for Mr. Cho, and because Mr. Cho sought to protect a close acquaintance of a director of the Bank for whom Mr. Kim committed loan documentation fraud. To the extent that any harm occurred as alleged in the Complaint, Mr. Cho's efforts to protect Mr. Kim were a substantial factor.

**SECOND AFFIRMATIVE DEFENSE**
**(Statutes of Limitations)**

131. Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**
**(Business Judgment Rule)**

132. Plaintiff's claims for negligence and breach of fiduciary duty are barred by the business judgment rule. At all relevant times, Mr. Won performed his duties in a manner meeting the standard of care required by California law, and the FDIC itself.

**FOURTH AFFIRMATIVE DEFENSE**
**(Intervening Economic Downturn)**

133. Plaintiff's claims, in whole or in part, are barred because deteriorating market conditions caused the failure.

**FIFTH AFFIRMATIVE DEFENSE**
**(Exculpatory Clauses in Bank Articles of Incorporation)**

134. Plaintiff's claims against Mr. Won are barred, in whole or in part, as a result of the exculpatory clauses in the Bank's articles of incorporation.

**SIXTH AFFIRMATIVE DEFENSE**
**(Violation of Constitutional Due Process and Equal Protection)**

135. Plaintiff's pattern and practice is to institute litigation against community banks like Innovative, and to ignore similar conduct by "too big to fail" institutions, resulting in a violation of constitutional due process and equal protection.

///

///

///

## SEVENTH AFFIRMATIVE DEFENSE
### (Spoliation)

136. Plaintiff has discharged its document retention obligations and prevented Mr. Won from keeping copies of Bank documents, thereby leaving him unable to defend himself.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Follow FDIC Statement of Policy)

**137.** Plaintiff's claims are barred in whole or in part because Plaintiff failed to follow its own statement of policy concerning institution of litigation against directors and officers.

## NINTH AFFIRMATIVE DEFENSE
### (Due Diligence, Reasonable Investigation and Justifiable Reliance on Others)

138. Mr. Won justifiably relied on information, advice, and or opinions provided to him by others, including other Bank professionals, agents, advisors, employees, officers and directors.

## TENTH AFFIRMATIVE DEFENSE
### (Intervening or Superseding Causes of Harm)

139. Plaintiff's damages, if any, resulted from the acts or omissions of third parties over whom Mr. Won had not control. These acts by third parties constitute intervening or superseding causes of harm, if any, suffered by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

140. Plaintiff's claims are barred by the doctrine of unclean hands.

## TWELTH AFFIRMATIVE DEFENSE
### (Waiver, Estoppel and Laches)

141. Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Consent, Approval, Acquiescence, Participation, Ratification)

142. The Complaint and each claim alleged therein against Mr. Won, is barred, in whole or in part, because of Plaintiff's own consent, approval, acquiescence, participation and/or ratification at any time in any activity that Plaintiff challenges as improper. Plaintiff's

awareness and approval of the Bank's actions is evidenced by, among other things, numerous visitation and examination reports it prepared during the relevant time period. In addition, the claims against Mr. Won are barred because the acts stated were ratified or approved by other state and federal agencies or entities.  As a result of Plaintiff's constant oversight and examination efforts, Plaintiff was, upon information and belief, at all times aware of Innovative's monitoring and risk protection efforts and, upon further information and belief, consistently approved of Innovative's efforts.

143. Plaintiff's claims are further barred because they are based on Mr. Won's alleged execution of a business plan and course of action developed and approved by Plaintiff's predecessor in interest—Innovative.  As such, Plaintiff's own predecessor in interest ratified the decisions and conduct that Plaintiff now contends was negligent and unduly risky.

### FOURTHTEENTH AFFIRMATIVE DEFENSE
**(Comparative Negligence)**

144. Plaintiff's claims are barred by comparative negligence because they are based on Mr. Won's alleged execution of a business plan and course of action developed and approved by Plaintiff and its predecessor in interest—Innovative.  Plaintiff's awareness and approval of the Bank's actions is evidenced by, among other things, numerous visitation and examination reports it prepared during the relevant time period. As such, Plaintiff and Plaintiff's own predecessor in interest each ratified the decisions and conduct that Plaintiff now contends was negligent and unduly risky.

### FIFTHTEENTH AFFIRMATIVE DEFENSE
**(Standing)**

145. Plaintiff's claims are barred because Plaintiff lacks standing to assert the claims alleged against Mr. Won in this action.

///

///

///

DEFENDANT YOUNG HO WON'S
ANSWER TO FDIC'S COMPLAINT

16

4:12-cv-02658-CW

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Indemnification, Contribution and Proportionate Liability)

146. Without in any way admitting Plaintiff suffered any loss, to the extent loss has been sustained, Mr. Won is entitled to indemnification and/or contribution from others, named or unnamed in this action, relating to such alleged losses, including but not limited to indemnification from co-defendants who caused or contributed to damages allegedly sustained.

## RESERVATION OF DEFENSES

147. Mr. Won presently has insufficient knowledge or information on which to form a belief as to whether he may have available additional, as yet unstated, defenses. Accordingly, Mr. Won reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Won prays for the following relief:

A. For judgment on behalf of Mr. Won and against Plaintiff;

B. For Mr. Won's reasonable attorney's fees and costs incurred in defending against Plaintiff's Complaint and any and all causes of action therein; and

C. For such other and further relief as the Court deems just and proper.

Dated: July 30, 2012

Respectfully submitted,
NASSIRI & JUNG LLP

　/s/ Kassra P. Nassiri　
Kassra P. Nassiri
Attorneys for Defendant Young Ho Won

## **DEMAND FOR JURY TRIAL**

Defendant Young Ho Won hereby demands trial by jury.

Dated: July 30, 2012

Respectfully submitted,
NASSIRI & JUNG LLP

 /s/ Kassra P. Nassiri
Kassra P. Nassiri
Attorneys for Defendant Young Ho Won